JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

MARK RUSSO

### DEFENDANTS

NATIONAL ASSOCIATION OF SECURITIES DEALERS

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Davis, Bucco & Ardizzi
10 E. 6th Ave., Conshohocken, PA 19428

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1391

Brief description of cause:
Negligence

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 75,000+

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE 5-25-06

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

APPENDIX N

**SUMMONS IN A CIVIL ACTION**

| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA |
|---|

| MARK RUSSO | CIVIL ACTION NO. |
|---|---|
| v. | |
| NATIONAL ASSOCIATION OF SECURITIES DEALERS | TO: (NAME AND ADDRESS OF DEFENDANT) |
| | National Association of Securities Dealers<br>1735 K. Street, NW<br>Washington, DC 20006 |

**YOU ARE HEREBY SUMMONED** and required to serve upon

Plaintiff's Attorney (Name and Address)

John G. Richards, II
Davis, Bucco & Ardizzi
10 E. Sixth Avenue, Ste. 100
Conshohocken, PA 19428

an answer to the complaint which is herewith served upon you, within  20   days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

| Michael E. Kunz, Clerk of Court | Date: |
|---|---|
| (By) Deputy Clerk | |

UNITED STATES DISTRICT COURT                                    **APPENDIX F**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1200 Karen Lane, West Chester, PA 19380

Address of Defendant: 1735 K Street, NW, Washington, DC 20006

Place of Accident, Incident or Transaction: Sylvan Learning Center, Philadelphia, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))                    Yes ☐   No ☑

Does this case involve multidistrict litigation possibilities?                              Yes ☑   No ☐

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*                                B. *Diversity Jurisdiction Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts    1. ☐ Insurance Contract and Other Contracts
2. ☐ FELA                                                            2. ☐ Airplane Personal Injury
3. ☐ Jones Act-Personal Injury                                       3. ☐ Assault, Defamation
4. ☐ Antitrust                                                       4. ☐ Marine Personal Injury
5. ☐ Patent                                                          5. ☐ Motor Vehicle Personal Injury
6. ☐ Labor-Management Relations                                      6. ☐ Other Personal Injury (Please specify)
7. ☐ Civil Rights                                                    7. ☐ Products Liability
8. ☐ Habeas Corpus                                                   8. ☐ Products Liability — Asbestos
9. ☐ Securities Act(s) Cases                                         9. ☑ All other Diversity Cases - *Negligence*
10. ☐ Social Security Review Cases                                      (Please specify)
11. ☐ All other Federal Question Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, John G. Richards, II _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 5/25/2006 _____ _____                    79/28
                                   Attorney-at-Law                  Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/25/2006 _____ _____

**APPENDIX G**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

MARK RUSSO
                                         :
                                         :
                  V.                     :          Civil Action
                                         :          No: _____
NATIONAL ASSOCIATION  OF                 :
SECURITIES  DEALERS                      :

### DISCLOSURE STATEMENT FORM

Please check one box:

☐          The nongovernmental corporate party, _Mark Russo_____, in the
            above listed civil action does not have any parent corporation and publicly held
            corporation that owns 10% or more of its stock.

☐          The nongovernmental corporate party, _____, in the
            above listed civil action has the following parent corporation(s) and publicly held
            corporation(s) that owns 10% or more of its stock:

            _____
            _____
            _____

_7/25/2006_____                    _____
Date                                         Signature

                  Counsel for:    _Mark Russo, Plaintiff_____

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
      (a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY.  A nongovernmental
corporate party to an action or proceeding in a district court must file two copies of a statement
that identifies any parent corporation and any publicly held corporation that owns 10% or more
of its stock or states that there is no such corporation.
      (b) TIME FOR FILING; SUPPLEMENTAL FILING.  A party must:
            (1)      file the Rule 7.1(a) statement with its first appearance, pleading, petition,
                     motion, response, or other request addressed to the court, and
            (2)      promptly file a supplemental statement upon any change in the
                     information that the statement requires.

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| MARK RUSSO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NATIONAL ASSOCIATION OF | : | |
| SECURITIES DEALERS | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits                             ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (✓)

| | | |
|---|---|---|
| 5-25-06 | John G. Richards, II | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-238-0880 | 610-238-0244 | john.richards@davisbucco.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK RUSSO                              :
1200 Karen Lane                         :
West Chester, PA 19380                  :        CIVIL ACTION NO.:
     Plaintiff :
 vs.                               :
          :
          :
NATIONAL ASSOCIATION                    :
 OF SECURITIES DEALERS             :
1735 K Street, NW                       :
Washington, DC 20006                    :
     Defendant :

## COMPLAINT

Plaintiff, Mark Russo, by its undersigned attorneys, files its complaint against the

National Association of Securities Dealers, as follows:

## PARTIES

1. Plaintiff, Mark Russo ("Russo"), is an adult individual residing at 1200 Karen

Lane, West Chester, Pennsylvania, 19380.

2. Defendant, the National Association of Securities Dealers ("NASD") is, upon

information and belief, a foreign corporation with a principal place of business located at 1735 K

Street, NW, Washington, DC 20006.

## VENUE AND JURISDICTION

3. Venue is proper in the United States District Court for the Eastern District of

Pennsylvania pursuant to 28 U.S.C. §1391, as the parties are residents of different states,

Plaintiff is a resident of this district and the transaction giving rise to this incident arose in this

district.

4.      Jurisdiction is proper pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000.

## FACTUAL BACKGROUND

5.      On October 18, 2004, Russo took a position with UBS Financial Services ("UBS"), an international financial services and investment management company.

6.      Russo was hired as a sales trainee at an annual salary of $50,000 per year.

7.      At the time that Russo was hired he was not licensed to trade securities.

8.      UBS hired Russo with the expectation that he would successfully take the Series 7 Exam (the "Exam").  Successfully passing the examination would designate Russo as a licensed registered representative with the National Association of Securities Dealers and would authorize him to trade securities.

9.      Simply stated, passing the Exam would enable Russo to work as a stockbroker.

10.     The terms of Russo's employment with UBS called for him to transition (over the course of two years) from straight salary to pure commission after successfully passing the Exam.

11.     There was no limit on the amount of commission income that Russo could have earned with UBS after passing the Exam and becoming able to earn commission income.

12.     UBS also made it clear that it would fire Russo if he did not pass the Exam.

13.     From October 2004 until January 2005, Russo prepared to take the Exam.

14.     In preparation for the Exam, Russo (over a 13-week study period) prepared for the examination as follows:

      a.      Used study materials issued by UBS as well as other materials which he independently obtained;

b.  completed numerous practice examinations which mimicked the questions for the exam;

c.  completed several of the practice examinations under timed conditions;

d.  participated in group study sessions with fellow sales trainees;

e.  completed trainee/mentor study sessions to obtain additional information about the exam.

15.    Russo registered to take the Exam in January 2005.

16.    Russo attended the scheduled examination at a Sylvan Learning Center in center-city Philadelphia, Pennsylvania on January 19, 2005.

17.    The Exam was given using a computerized system whereby questions were posed to the students at terminals.

18.    The students, including Russo, input their answers directly into terminals at the testing facility.

19.    Russo appeared at the facility and completed the examination in accordance with all the instructions and directives.

20.    The NASD conducted the Exam that Russo took.

21.    The NASD arranged the Exam and the examination procedures so that the test-taker received his or her score immediately after completing the Exam

22.    After Russo completed the Exam the NASD's testing program issued a notice that he had failed the Exam and printed a confirming notice.

23.    Russo informed his supervisor at UBS that he had received a failing score on the following day, January 20, 2005.

24.     Despite his requests for another chance to take the examination, UBS fired Russo in accordance with its normal procedures.  A copy of the termination notice is attached hereto as Exhibit 1.

25.     Russo did not obtain another job as a sales trainee and was unemployed for several months.

26.     On January 13, 2006, Russo was contacted by his former supervisor at UBS, Managing Director, Bob Hall ("Hall").

27.     To Russo's extreme shock and surprise, Hall informed him that he had in fact passed the Exam when he took it on January 19, 2005.

28.     After his discussion with Hall, Russo contacted the NASD.

29.     The NASD confirmed that Russo had passed the January 2005 Exam.

30.     According to the NASD, Russo had been a victim of a "software error" which existed in the computerized testing program that the NASD had used to conduct the test.

31.     At approximately the same time, the NASD issued a press release confirming that almost 2,000 individuals had been affected by the software error.  A copy of the NASD's January 6, 2006, press release is attached here to as Exhibit 2.

32.     In January 2006, the NASD finally provided Russo with confirmation that he did pass the January 2005 Exam.  A copy of the NASD's Test Certification Letter to Russo is attached hereto as Exhibit 3.

### COUNT I – NEGLIGENCE
### Russo v. NASD

33.     Plaintiff incorporates all the paragraphs of his Complaint as though fully set forth at length.

34.    The NASD had a duty to Russo and all similarly situated test-takers to ensure that the Exam and the examination procedures provided accurate results.

35.    In fact, the examination procedures did not produce accurate results as Russo was incorrectly informed that he failed the Exam.

36.    The NASD negligently caused the inaccurate testing procedures and reporting by;

    a.    Utilizing software that incorrectly reported examination results;

    b.    Failing to adequately test the software used to conduct the examination;

    c.    Failing to ensure that the software reported accurate results;

    d.    Failing to have a system in place to confirm and/or check the accuracy of the test results;

37.    The NASD was also negligent in informing individuals who had passed the examination that they had failed.

38.    As a result of the NASD's negligence, Russo was fired from his position at UBS.

39.    Russo also suffered damages by being forced to inform his friends and family that he failed the Exam and that he had been fired as a result.

40.    Russo continued to suffer embarrassment as a result of the NASD's negligence by being forced to relate the circumstances of his firing to potential employers.

41.    Russo has suffered monetary damages as a result of NASD's negligence by reason of his termination from his position with UBS.  In addition to the loss of his salary, Russo lost health and retirement benefits, the opportunity to obtain experience in the securities industry and the potential for unlimited commission income.

42.    All of Russo's damages were a direct result of the NASD's negligence.

**WHEREFORE**, Plaintiff, Mark Russo, demands judgment in his favor

and against the National Association of Securities Dealers, in an amount in excess of $75,000,

plus interest, costs, and such other relief as the Court deems appropriate.

> DAVIS, BUCCO & ARDIZZI
>
> BY: _____
> JOHN G. RICHARDS II, ESQUIRE

Date: _5/25/2006_

# EXHIBIT 1

 **UBS**

UBS Financial Services Inc.
1000 Harbor Boulevard
Weehawken, NJ 07086

Registration/Compliance Department

Vanessa Silva
Tel. 201-352-4050
Fax 201-867-5754
Vanessa.Silva@ubs.com

www.ubs.com

Mark Russo
1200 Karen Lane
West Chester, PA 19380

February 8, 2005

Dear  Mark Russo

In accordance with Article V, Section 3 of the National Association of Securities Dealers (NASD) By-Laws,
enclosed is an executed uniform termination notice (Form US) as filed with the NASD.
This is for your records only and does not require any additional action on your part. If you have any questions
regarding this filing please contact Vanessa Silva at (201) 352-4050.

Sincerely,

Vanessa Silva
Sr. Registration Analyst
UBS Financial Services Inc.

*(Uniform Termination Notice)

UBS Financial Services Inc. is a subsidiary of UBS AG

# FORM U5
# UNIFORM TERMINATION NOTICE FOR SECURITIES INDUSTRY REGISTRATION

**U5 - FULL**
**02/07/2005**

Rev. Form U5 (06/2003)

## NOTICE TO THE INDIVIDUAL WHO IS THE SUBJECT OF THIS FILING

*Even if you are no longer registered you continue to be subject to the jurisdiction of regulators for at least two years after your registration is terminated and may have to provide information about your activities while associated with this firm. Therefore, you must forward any residential address changes for two years following your termination date or last Form U5 amendment to: CRD Address Changes, P.O. Box 9495, Gaithersburg, MD 20898-9495.*

## 1. GENERAL INFORMATION

| | | | |
|---|---|---|---|
| **First Name:** MARK | **Middle Name:** JAMES | **Last Name:** RUSSO | **Suffix:** |
| **Firm CRD #:** 8174 | **Firm Name:** UBS FINANCIAL SERVICES INC. | **CRD Branch #:** | **Firm NFA #:** |
| **Firm Billing Code:** PY0 | **Individual CRD #:** 3059860 | **Individual SSN:** 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 | **Individual NFA #:** |

**Office of Employment Address Street 1:**
MELLON BANK CENTER

**Office of Employment Address Street 2:**
1735 MARKET STREET

| **City:** PHILADELPHIA | **State:** Pennsylvania | **Country:** USA | **Postal Code:** 19103 |
|---|---|---|---|

**Private Residence Check Box:**
If the Office of Employment address is a private residence, check this box. ☐

---

Rev. Form U5 (06/2003)

## 2. CURRENT RESIDENTIAL ADDRESS

### NOTICE TO THE FIRM

*This is the last reported residential address. If this is not current, please enter the current residential address.*

| From | To | Street | City | State | Country | Postal Code |
|---|---|---|---|---|---|---|
| 09/2003 | PRESENT | 1200 KAREN LANE | WEST CHESTER | PA | USA | 19380 |

---

Rev. Form U5 (06/2003)

## 3. FULL TERMINATION

**Is this a FULL TERMINATION?** ⊙ Yes ○ No
Note: A "Yes" response will terminate ALL registrations with all *SROs* and all *jurisdictions*.

**Reason for Termination:** * Other * Provide an explanation below

FAILED TO COMPLETE LICENSING REQUIREMENTS

| | Rev. Form U5 (06/2003) |
|---|---|
| **4. DATE OF TERMINATION** | |

**Date Terminated** (MM/DD/YYYY): 01/20/2005
A complete date of termination is required for full or partial termination. This date represents the actual date that the termination of registration is effective.

---

| | Rev. Form U5 (06/2003) |
|---|---|
| **6. AFFILIATED FIRM TERMINATION** | |
| No Information Filed | |

| | Rev. Form U5 (06/2003) |
|---|---|
| **7. DISCLOSURE QUESTIONS** | |

IF THE ANSWER TO ANY OF THE FOLLOWING QUESTIONS IN SECTION 7 IS 'YES', COMPLETE DETAILS OF ALL EVENTS OR PROCEEDINGS ON APPROPRIATE DRP(S). IF THE INFORMATION IN SECTION 7 HAS ALREADY BEEN REPORTED ON FORM U4 OR FORM U5, DO NOT RESUBMIT DRPs FOR THESE ITEMS. REFER TO THE EXPLANATION OF TERMS SECTION OF FORM U5 INSTRUCTIONS FOR EXPLANATION OF ITALICIZED WORDS.

### Investigation Disclosure

|  | | YES | NO |
|---|---|---|---|
| **7A.** | Currently is, or at termination was, the individual the subject of an *investigation* or *proceeding* by a domestic or foreign governmental body or *self-regulatory organization* with jurisdiction over *investment-related* businesses? (Note: Provide details of an *investigation* on an Investigation Disclosure Reporting Page and details regarding a *proceeding* on a Regulatory Action Disclosure Reporting Page.) | ○ | ◉ |

### Internal Review Disclosure

|  | | YES | NO |
|---|---|---|---|
| **7B.** | Currently is, or at termination was, the individual under internal review for fraud or wrongful taking of property, or violating *investment-related* statutes, regulations, rules or industry standards of conduct? | ○ | ◉ |

### Criminal Disclosure

|  | | YES | NO |
|---|---|---|---|
| **7C.** | While employed by or associated with your *firm*, or in connection with events that occurred while the individual was employed by or associated with your *firm*, was the individual: | | |
| **1.** | convicted of or did the individual plead guilty or nolo contendere ("no contest") in a domestic, foreign or military court to any *felony*? | ○ | ◉ |
| **2.** | *charged* with any *felony*? | ○ | ◉ |
| **3.** | convicted of or did the individual plead guilty or nolo contendere ("no contest") in a domestic, foreign or military court to a *misdemeanor involving*: investments or an *investment-related* business, or any fraud, false statements or omissions, wrongful taking of property, bribery, perjury, forgery, counterfeiting, extortion, or a conspiracy to commit any of these offenses? | ○ | ◉ |
| **4.** | *charged* with a *misdemeanor* specified in 7(C)(3)? | ○ | ◉ |

### Regulatory Action Disclosure

|  | | YES | NO |
|---|---|---|---|
| **7D.** | While employed by or associated with your *firm*, or in connection with events that occurred while the individual was employed by or associated with your *firm*, was | ○ | ◉ |

the individual *involved* in any *disciplinary action* by a domestic or foreign governmental body or *self-regulatory organization* (other than those designated as a "*minor rule violation*" under a plan approved by the U.S. Securities and Exchange Commission) with jurisdiction over the *investment-related* businesses?

## Customer Complaint/Arbitration/Civil Litigation Disclosure

|  |  | YES | NO |
|---|---|---|---|
| **7E. 1.** | In connection with events that occurred while the individual was employed by or associated with your *firm*, was the individual named as a respondent/defendant in an *investment-related*, consumer-initiated arbitration or civil litigation which alleged that the individual was *involved* in one or more *sales practice violations* and which: |  |  |
|  | **(a)** is still pending, or; | ○ | ◉ |
|  | **(b)** resulted in an arbitration award or civil judgment against the individual, regardless of amount, or; | ○ | ◉ |
|  | **(c)** was settled for an amount of $10,000 or more. | ○ | ◉ |
| **2.** | In connection with events that occurred while the individual was employed by or associated with your *firm*, was the individual the subject of an *investment-related*, consumer-initiated complaint, not otherwise reported under question 7 (E)(1) above, which alleged that the individual was *involved* in one or more *sales practice violations*, and which complaint was settled for an amount of $10,000 or more? | ○ | ◉ |
| **3.** | In connection with events that occurred while the individual was employed or associated with your *firm*, was the individual the subject of an *investment-related*, consumer-initiated, written complaint, not otherwise reported under questions 7(E)(1) or 7(E)(2) above, which: |  |  |
|  | **(a)** would be reportable under question 14I(3)(a) on Form U4, if the individual were still employed by your *firm*, but which has not previously been reported on the individual's Form U4 by your *firm*; or | ○ | ◉ |
|  | **(b)** would be reportable under question 14I(3)(b) on Form U4, if the individual were still employed by your *firm*, but which has not previously been reported on the individual's Form U4 by your *firm*. | ○ | ◉ |

## Termination Disclosure

|  |  | YES | NO |
|---|---|---|---|
| **7F.** | Did the individual voluntarily *resign* from your firm, or was the individual discharged or permitted to *resign* from your firm, after allegations were made that accused the individual of: |  |  |
| **1.** | violating *investment-related* statutes, regulations, rules or industry standards of conduct? | ○ | ◉ |
| **2.** | fraud or the wrongful taking of property? | ○ | ◉ |
| **3.** | failure to supervise in connection with *investment-related* statutes, regulations, rules or industry standards of conduct? | ○ | ◉ |

Rev. Form U5 (06/2003)

## 8. SIGNATURE

Please Read Carefully

All signatures required on this Form U5 filing must be made in this section.

A "Signature" includes a manual signature or an electronically transmitted equivalent. For purposes of an electronic form filing, a signature is effected by typing a name in the designated signature field. By typing a name in this field, the signatory acknowledges and represents that the entry constitutes in every way, use, or aspect, his or her legally binding signature.

**8A.**   FIRM ACKNOWLEDGMENT
This section must be completed on all U5 form filings submitted by the *firm*.

INDIVIDUAL ACKNOWLEDGMENT AND CONSENT

**8B.**   This section must be completed on amendment U5 form filings where the individual is submitting changes to Part II of the INTERNAL REVIEW DRP or changes to Section 2 (CURRENT RESIDENTIAL ADDRESS).

| **8A. FIRM ACKNOWLEDGMENT** |
|---|

I VERIFY THE ACCURACY AND COMPLETENESS OF THE INFORMATION CONTAINED IN AND WITH THIS FORM.

| **Person to contact for further information**<br>MICHAEL SOLOMON | **Telephone # of person to contact**<br>201-352-6669 |
|---|---|
| **Signature of** *Appropriate Signatory*<br>RAYMOND ROBERTELLO | **Date (MM/DD/YYYY)**<br>02/07/2005 |
| Type or Print Name of Appropriate Signatory | |

| | Rev. Form U5 (06/2003) |
|---|---|
| **INVESTIGATION DRP** | |
| No Information Filed | |

| | Rev. Form U5 (06/2003) |
|---|---|
| **INTERNAL REVIEW DRP** | |
| No Information Filed | |

| | Rev. Form U5 (06/2003) |
|---|---|
| **CRIMINAL DRP** | |
| No Information Filed | |

| | Rev. Form U5 (06/2003) |
|---|---|
| **TERMINATION DRP** | |
| No Information Filed | |

| | Rev. Form U5 (06/2003) |
|---|---|
| **REGULATORY ACTION DRP** | |
| No Information Filed | |

| | Rev. Form U5 (06/2003) |
|---|---|
| **CUSTOMER COMPLAINT/ARBITRATION/CIVIL LITIGATION DRP** | |
| No Information Filed | |

**EXHIBIT 2**

Case 2:06-cv-02246-JS   Document 1   Filed 05/30/06   Page 19 of 23

# News Release

**FOR RELEASE:**      Friday, January 6, 2006
**CONTACTS:**         Nancy Condon (202) 728-8379



## NASD Says Software Error Impacts Certain Series 7 Exam Results

**Washington, DC —** NASD today announced that it has begun notifying a limited number of individuals who took the Series 7 broker qualification exam between Oct. 1, 2004, and Dec. 20, 2005, to tell them that they incorrectly received a failing grade due to a software error. The error, which affected only exams on the cusp of the pass/fail line, caused some test takers to score just below the minimum passing grade.

NASD administered Series 7 examinations to approximately 60,500 individuals from Oct. 1, 2004, to Dec. 20, 2005. NASD noted that of the 1,882 people who incorrectly received a failing grade, slightly over 1,000 have already re-taken the exam and passed; more than 600 have not as yet rescheduled an exam date, and just over 200 individuals are scheduled to retake the exam.

No individuals received a passing grade in error.

NASD is contacting all affected individuals and firms with an initial focus on advising those currently rescheduled to take the exam that they have passed and do not need to re-take the Series 7. In addition to contacting exam takers, NASD also is contacting firms who sponsored these individuals to take the exam, and is correcting individual records in its CRD registered representative database. And any affected individual who is not currently associated with a firm in the securities industry will be afforded a 2-year period starting Feb. 1, 2006, to reassociate without having to re-take the Series 7 exam.

"NASD will immediately notify the affected individuals and firms," said Robert R. Glauber, Chairman and Chief Executive Officer of NASD. "In addition, because the integrity of our testing program is fundamental, we have undertaken a full review of this issue and are putting in place enhanced quality control measures designed to prevent a future reoccurrence. As appropriate, we will communicate any corrective measures.

"We apologize for the problems this caused for the individuals and firms affected."

The Series 7 is an exam covering critical areas of securities markets, and the laws, regulations and responsibilities of registered representatives. Receiving a passing grade on the Series 7 is a requirement for an individual to conduct securities business with the public.

NASD administers the Series 7 on behalf of itself and other SROs. Each exam is comprised of 250 questions, with questions being selected from a large database of questions. New questions are cycled into the pool on a regular basis.

The grading error relates to 213 questions that were introduced to the pool beginning in October 2004. Because each Series 7 test is unique, a computer model is used to account for differences in test difficulty and to weight questions appropriately. The Series 7 passing score of 70 percent is subject to minor statistical adjustments based on the overall difficulty of each individual's examination. The error occurred in the weighting process in exams including one or more of the 213 questions.

In addition to reaching out to those affected and correcting all records, NASD also is implementing a full software code review and conducting independent manual test validation reviews. In addition, NASD is creating new and more sophisticated monitoring mechanisms to alert reviewers when certain statistical parameters are crossed. NASD also is in the process of replacing the technology used for the Series 7. The current system was first introduced in 1990, and is scheduled to be replaced with a new system that will be phased in beginning later this year.

NASD is communicating with affected firms regarding impacted individuals. Firms' Registration Departments should contact NASD's Call Center at (301) 869-6699 with questions. Individuals should

Case 2:06-cv-02246-JS   Document 1   Filed 05/30/06   Page 20 of 23

contact their firm's Registration Department or NASD's Call Center.

NASD touches virtually every aspect of the securities business - from registering and educating all industry participants, to examining securities firms, enforcing both NASD rules and the federal securities laws, and administering the largest dispute resolution forum for investors and registered firms. For more information, please visit our Web site at www.nasd.com.

Investor protection. Market integrity.

1735 K Street, NW          tel 202 728 8000
Washington, DC             www.nasd.com
20006-1506

©2006 NASD. All rights reserved. | Legal Notices and Privacy Policy.

**EXHIBIT 3**



January 23, 2006

MARK RUSSO
1200 KAREN LANE
WEST CHESTER, PA 19380

Dear MARK RUSSO:

I am writing to inform you of a scoring issue that affected the outcome of the Series 7 examination administered to you on January 19, 2005. NASD has determined that a software error introduced into the automated scoring mechanism for the Series 7 exam affected a limited subset of individuals who sat for the exam between October 2004 and December 2005. Some candidates received a failing grade erroneously. The error, which affected only exams with scores on the edge of the pass/fail line, caused some test takers to score just below the minimum passing grade. Your examination result was among those affected, and you should have received a passing score.

We have enclosed your correct score report and have posted your passing score to your CRD record. We also have removed all corresponding information on CRD related to the erroneous score. Your sponsoring firm has already been notified of your passing score, and we have reimbursed your firm for any examination fees that it incurred because of the need to re-test. If you are not currently affiliated with an NASD member firm, you have until February 1, 2008 to re-affiliate without having to take the Series 7 examination. If you are still affiliated with an NASD member firm, please contact your registration department and confirm your status and determine if there are any remaining requirements necessary for you to obtain your approved registration with NASD, other SROs, and states.

If you have rescheduled, or planned to reschedule, the Series 7 exam since the date of the incorrectly graded exam, you may have incurred certain out-of-pocket expenses as a result of the software grading error. We will defray expenses that you directly incurred in re-taking the Series 7 examination. Specifically, we will reimburse you for the demonstrable costs of re-testing including outside training courses and materials, and for travel expenses directly related to re-taking the examination. If you would like to request reimbursement, please go to our website and submit the expense reimbursement form to NASD with copies of your receipts, processed checks, or credit card statements. Please refer to www.nasd.com/s7expenseform for instructions.

We at NASD sincerely regret the error occurred and apologize for any problems it may have caused you. If you or your firm has any questions or concerns, we encourage you to contact us at 301-987-2100.

Investor protection. Market integrity.          9509 Key West Avenue          tel 301 590 6500
Rockville, MD          www.nasd.com
20850-3329



NASD PROCTOR Certification Testing Centers / NYSE
New York Stock Exchange, Inc.

UBS FINANCIAL SERVICES INC.
1000 HARBOR BLVD
8TH FL, COMPLIANCE DEPARTMENT
WEEHAWKEN, NJ 07086

EXAM TITLE: General Securities Representative Examination
EXAM SERIES: 7

NAME:        MARK RUSSO
ID NUMBER:   XXX-XX-XXXX
DATE:        Wed, Jan 19, 2005
SCORE:       No. Correct: 175    Pct. Correct 70%    Pass

--------------------------------------------------------------

SECTION ANALYSIS                     CANDIDATE'S
                                     SCORE RANGE

1 The Registered Representative and the
  Customer
2 Brokerage Products                 71 - 75%
3 Derivative Products                61 - 65%
4 Opening, Handling, and Closing of  50 - 60%
  Customer Accounts
5 The Securities Markets and Regulation   71 - 75%
  of the Markets
6 Order Entry, Confirmation and Settlement  66 - 70%
7 Factors Affecting Security Value and    66 - 70%
  Investment Decisions               76 - 85%

--------------------------------------------------------------
The following national information is provided for comparison purposes.

    National Average Score: Not Available
    National Percentage of Candidates Passing the Exam: Not Available

--------------------------------------------------------------

The passing score on this exam is 70%, equated to the difficulty of a
standard, base form of the exam.  Total scores reported on this
exam are equated to the base form of the exam.

This is an adjusted score report.
NASD Internal Reference ID: 11979051